OPINION
{¶ 1} Plaintiff-appellant State Auto Insurance Company appeals from an order of the Dayton Municipal Court granting relief to defendant-appellee Priscilla A. Colclough from a default judgment. State Auto contends that the trial court erred in vacating the default judgment against Colclough, because Colclough failed to demonstrate excusable neglect or a meritorious defense in accordance with Civ.R. 60(B).
 {¶ 2} After reviewing the record, we conclude that the trial court did not abuse its discretion in finding that Colclough demonstrated excusable neglect and a meritorious defense in accordance with Civ.R. 60(B). Therefore, we conclude that the trial court did not err in granting Colclough relief from the default judgment.
 {¶ 3} Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 4} In May, 2003, State Auto Insurance Company filed a complaint seeking to recover $2,225.30 paid to their insured, Ernest S. Gary, for damage allegedly caused by Priscilla A. Colclough to Gary's rental property. State Auto filed a motion for default judgment based upon Colclough's failure to appear and file an answer to the complaint. The trial court entered a default judgment against Colclough in the amount of $2,225.30 plus interest and costs.
 {¶ 5} Colclough filed a motion to set aside the default judgment pursuant to Civ.R. 60(B). Colclough attached an affidavit to her motion setting forth her legal defense to the case and averring that she did not answer the complaint because she misunderstood legal advice regarding how to proceed with the case. The trial court vacated the default judgment, finding that Colclough's neglect was excusable, that her motion was filed within a reasonable time, and that Colclough presented a "possible valid defense to at least a portion of the damages claimed due by plaintiff."
 {¶ 6} Colclough timely filed an answer and counterclaim to State Auto's complaint. The trial court filed an order setting the trial date for May 24, 2005, noting that "no continuance will be considered unless requested in writing filed no less than forty-eight hours before the time set for the trial[.]" The day before the trial, State Auto filed a motion for a continuance with the trial court, certifying that a copy of the motion was served by ordinary U.S. Mail to Colclough on May 13, 2005. The trial court did not grant or deny the motion. State Auto appeared before the trial court on May 24, 2005, ready to proceed; Colclough failed to appear. The trial court entered default judgment against Colclough in the amount of $2,225.30 plus interest and costs. The trial court further ordered that Colclough's counterclaim be dismissed with prejudice.
 {¶ 7} Two days later, Colclough filed a motion to set aside the default judgment pursuant to Civ.R. 60(B). Colclough argued that because she received the motion for a continuance, and assumed it would be granted, she appeared for jury duty on May 24, 2005, and did not request to be excused. The trial court vacated the default judgment noting that "on the date of trial, no mention was made to this court that said motion had been filed by plaintiff's attorney and in fact, plaintiff and plaintiff's attorney appeared ready to go forward."
 {¶ 8} From the judgment of the trial court granting Colclough relief from default judgment, State Auto appeals.
 II {¶ 9} State Auto's assignments of error are as follows:
 {¶ 10} "THE LOWER COURT ERRED IN VACATING THE JUDGMENT AGAINST DEFENDANT-APPELLEE ENTERED ON MAY 25, 2005.
 {¶ 11} "THE LOWER COURT ERRED IN VACATING THE JUDGMENT AGAINST APPELLEE WHICH WAS AN ABUSE OF DISCRETION[.]"
 {¶ 12} State Auto contends that the trial court erred in vacating the default judgment against Colclough because Colclough failed to demonstrate excusable neglect or a meritorious defense in accordance with Civ.R. 60(B).
 {¶ 13} A trial court's decision to grant relief from a default judgment will not be disturbed on appeal absent a showing of an abuse of discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77, 514 N.E.2d 1122. A trial court abuses its discretion if its decision is arbitrary, capricious or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.
 {¶ 14} "To prevail on [a] motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec.,Inc. v. ARC Industries, Inc., (1976), 47 Ohio St.2d 146,150-151, 1 O.O.3d 86, 351 N.E.2d 113. "Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be in favor of the motion so that cases may be decided on their merit." Vantage Homes, Inc. v.Dailey, Miami App. No. 2001-CA-49, 2002-Ohio-1818, 2002 WL 506815, at *4, citing GTE Automatic, supra. Civ.R. 60(B)(1) provides that a trial court may relieve a party from a final judgment for excusable neglect. Excusable neglect is determined from an examination of the surrounding facts and circumstances.McHenry v. McHenry, Montgomery App. No. 20222, 2004-Ohio-2191, at ¶ 11, citing Kay v. Marc Glassman, Inc., 76 Ohio St.3d 18,1996-Ohio-430, 665 N.E.2d 1102. A defendant's inaction cannot be determined to be excusable neglect if it amounts to a "complete disregard for the judicial system." Id.
 {¶ 15} In support of her motion for relief from a default judgment, Colclough claimed that because she received the motion for a continuance, and assumed it would be granted, she appeared for jury duty on May 24, 2005, and did not request to be excused. Colclough's claim seems reasonable, given that the trial court had previously continued the trial from March 14, 2005, to May 24, 2005, also based upon a motion for continuance made by State Auto. We do not conclude that Colclough's inaction was a complete disregard for the judicial system, especially when she failed to appear in this case because she appeared for jury duty in a different courtroom.
 {¶ 16} We also note that State Auto filed its motion for continuance the day before trial despite the notation in the trial court's order that "no continuance will be considered unless requested in writing filed no less than forty-eight hours before the time set for the trial[.]" The record also indicates that a copy of the motion for continuance was served by ordinary U.S. Mail to Colclough on May 13, 2005, notifying Colclough much earlier than the trial court of State Auto's need to continue the trial date. State Auto then appeared before the trial court on May 24, 2005, ready to proceed and made no mention to the trial court of its motion for continuance filed the day before.
 {¶ 17} We conclude that the trial court did not abuse its discretion in finding that Colclough demonstrated excusable neglect in accordance with Civ.R. 60(B).
 {¶ 18} Regarding Colclough's presentation of a meritorious defense, Colclough attached an affidavit to her motion to set aside the default judgment, in which she made the following averment:
 {¶ 19} "I believe that I have legal defense to this lawsuit. Those are: a) improper procedures were taken by the defendant's attorney in seeking judgment, b) the defendant did not allow for wear and tear on items claimed damaged when filing claim, c) the defendant is seeking reimbursement for their client's deductible, and they are not a party to the case, d) plaintiff was contacted seven months after vacating the said damaged property where problems supposedly existed, e) maintenance was poor and inconsistent due to flagrant property mismanagement on landlord's part. Case and point, no painting had been done for over seven years, carpet had not been changed for at least 10 years, plumbing was poor, and was serviced multiple times by Roto Rooter Plumbing and it was suggested multiple times that different measures be taken to correct the problems but minimal measures were done, causing frequent back ups, f) claim filed by the defendant's client, Ernest Gary, against Priscilla Colclough, plaintiff, were perjured, and can and will be prove if given the opportunity by the court. During the seven year period that I lived at the residence owned by the defendant's client, Ernest Gary, he visited my home on multiple occasions, and never had a complaint about the housekeeping yet he states that I was a sloppy housekeeper to State Auto Insurance Co. He was also given a written thirty (30) day notice of my intent to move. Mr. Gary, defendant's client, never set a formal date with Priscilla R. Colclough, the actual leaser of the rental property, but did show up ad verdantly [sic] while my husband was home during the day one afternoon and walked through the apartment. There was never any formal notice given after we vacated the property stating that the property was or was not satisfactory to the owner."
 {¶ 20} We agree with the trial court that Colclough "has presented a possible valid defense to at least a portion of the damages claimed due by plaintiff." Attached to State Auto's motion for default judgment was a Property Loss Notice, which detailed the damage to the rental property amounting to $2,250.30. State Auto reduced the $2,250.30 by $250, Gary's deductible, for a new total of $2,000.30. Attached to State Auto's motion was a copy of a $2,000.30 check written to Gary. State Auto is seeking to recover $2,225.30 from Colclough, which seems to include $225 of the $250 deductible assumed by Gary. In addition, Colclough's other claims regarding Gary's maintenance and allowance for wear and tear are of arguable merit.
 {¶ 21} We conclude that the trial court did not abuse its discretion in finding that Colclough demonstrated a meritorious defense, in accordance with Civ.R. 60(B). Therefore, we conclude that the trial court did not err in granting Colclough relief from the default judgment.
 {¶ 22} State Auto's assignments of error are overruled.
 III {¶ 23} State Auto's assignments of error having been overruled, the judgment of the trial court is Affirmed.
Brogan and Donovan, JJ., concur.