ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel. In this case, defendant-appellant, Patrick R. Cremeans, appeals the judgment of the Cuyahoga County Common Pleas Court, which denied his motion to vacate the judgment of default rendered against him.
 {¶ 2} The record reflects that plaintiffs-appellees, Surgical Services, Inc. ("Surgical Services") and William J. O'Brien, M.D. (collectively referred to as "Dr. O'Brien" where appropriate) brought a multi-count complaint against Judith Cremeans ("Judith"), defendant-appellant, Patrick R. Cremeans ("appellant") and Parkview Federal Savings Bank ("Parkview Federal"), seeking injunctive relief and damages for, inter alia, conversion and fraud. According to the complaint, Judith was employed by non-party James Sampliner, M.D., a physician who shared office space with Dr. O'Brien. Judith allegedly endorsed checks made payable to Dr. O'Brien without authority to do so, deposited those funds into an account owned by Dr. Sampliner at Parkview Federal and then withdrew those funds for her own use. The complaint alleged that appellant conspired with Judith in this scheme to defraud Dr. O'Brien and his professional corporation, Surgical Services.
 {¶ 3} When appellant failed to answer or otherwise appear in the action, Dr. O'Brien moved for default judgment. The trial court granted judgment in favor of Dr. O'Brien in the amount of $1,017,205.78, plus interest and costs. A pre-judgment attachment previously ordered by the court was converted into a final attachment and acted as a lien against all property owned by appellant. The order included a finding that there was no just reason for delay.[1]
 {¶ 4} Appellant thereafter moved to vacate this judgment, or in the alternative to seek relief from judgment under Civ.R. 60(B), arguing that he had not been served with the complaint and, therefore, the trial court lacked personal jurisdiction over him. The trial court denied appellant's motion, stating that he "committed several acts constituting a waiver of proper service" and could not, therefore, demonstrate that he was entitled to relief under Civ.R. 60(B).
 {¶ 5} Appellant is now before this court and claims that the trial court erred in denying his motion to vacate the default judgment.
 {¶ 6} A default judgment rendered against a party over whom the court lacks personal jurisdiction is void.[2] LincolnTavern, Inc. v. Snader (1956), 165 Ohio St. 61, 64. The party seeking to vacate a judgment on these grounds need not pursue relief under Civ.R. 60(B), which deals with voidable judgments, but may rely on the inherent power of the court to vacate a void judgment. Westmoreland v. Valley Homes Mut. Housing Corp.
(1975), 42 Ohio St.2d 291, 294; see, also, United Home Fed. v.Rhonehouse (1991), 76 Ohio App.3d 115, 123. Although a motion to vacate a void judgment need not comply with Civ.R. 60(B), relief has been granted under Civ.R. 60(B)(5) for failure of service, nonetheless. See Rogers v. United Presidential Life Ins. Co.
(1987), 36 Ohio App.3d 126; Nationwide Ins. Co. v. Mahn (1987),36 Ohio App.3d 251. Civ.R. 60(B)(5) relies upon the inherent power of the court to prevent the unfair application of a judgment. Newark Orthopedics, Inc. v. Brock (1994),92 Ohio App.3d 117, 123. Whether styled as a Civ.R. 60(B) motion or a motion to vacate, however, it is not necessary for appellant's motion to set forth a meritorious defense, nor otherwise comply with Civ.R. 60(B). Patton v. Diemer (1988), 35 Ohio St.3d 68.
 {¶ 7} Personal jurisdiction can be obtained through service of process, voluntary appearance or waiver. Maryhew v. Yova
(1984), 11 Ohio St.3d 154, 156. Appellant contends that he never received a copy of the summons and complaint and avers as much in an affidavit appended to his motion to vacate. Dr. O'Brien maintains that the court obtained personal jurisdiction after serving appellant at his residence according to Civ.R. 4.1(C), which permits service in this manner by "leaving a copy of the process and the complaint, or other document to be served, at the usual place of residence of the person to be served with some person of suitable age and discretion then residing therein." Dr. O'Brien, however, concedes that the special process server appointed to effect residence service merely taped the summons and complaint to the door of appellant's residence. This does not comply with Civ.R. 4.1(C) and, therefore, does not constitute effective service of process under this section. See, e.g.,Jefferson Place Condo. Assoc. v. Naples (1998),125 Ohio App.3d 394.
 {¶ 8} Notwithstanding this concession, Dr. O'Brien maintains that appellant waived the defense of lack of personal jurisdiction or insufficiency of service of process by telephoning counsel for Dr. O'Brien and thereafter submitted to the court's jurisdiction by attending the default hearing, both of which demonstrate awareness of the claims against him. However, a defendant's awareness of the filing of an action against him or her does not dispense with the necessity of service of process. Maryhew v. Yova, 11 Ohio St.3d at 157, citing Haley v. Hanna (1915), 93 Ohio St. 49.
 {¶ 9} Reviewing the civil rules applicable to the manner in which a party presents affirmative defenses, the Maryhew court addressed whether a defendant's filing of a motion for leave to plead waived the defense of insufficiency of service of process. The Maryhew court concluded that because such a motion is not a responsive pleading under Civ.R. 7 or Civ.R. 12(B), there was no waiver as contemplated by Civ.R. 12(H). Maryhew,11 Ohio St.3d at 158. By analogy, other courts have similarly determined that the defense of insufficiency of service of process is not waived by telephoning opposing counsel or challenging a motion for default because neither constitute response pleadings under Civ.R. 7. See Huntington Natl. Bank v. Dunno (July 10, 1997), 10th App. Dist. No. 97APE02-223, 1997 Ohio App. Lexis 3020 (defendant's opposition to motion for default judgment was not a responsive pleading); Bank One Cincinnati, N.A. v. Wells (Sept. 18, 1996), 1st App. Dist. No. C-950279, 1996 Ohio App. Lexis 4008 (telephone conversation with opposing counsel did not constitute waiver of defense of insufficient service of process).
 {¶ 10} On the other hand, courts have been loath to find the defense preserved if a defendant appears at court proceedings and addresses the merits of the case despite insufficient service of process. See In re Crow (Jan. 22, 2001), 2nd Dist. Nos. 1521 and 1522, 2001 Ohio App. Lexis 218; State ex rel. Lauri C.v. Frank S. (Aug. 25, 2000), 6th Dist. Nos. E-99-017 and E-99-063, 2000 Ohio App. Lexis 3822; Garnett v. Garnett (Aug. 7, 1986), Cuyahoga App. No. 50857, 1986 Ohio App. Lexis 7778. We find nothing in the record before us indicating that appellant addressed the merits of the case during the default hearing. The record does not contain a transcript of the hearing and the subsequent judgment entry make no reference to appellant's presence at the hearing, let alone any argument he may have presented. Without more, we cannot say that appellant voluntarily submitted to the court's jurisdiction or that he waived the defense of insufficiency of service of process merely by attending the default hearing. See Rapposelli v. Garthoff (June 24, 1988), 11th Dist. No. 12-179, 1988 Ohio App. Lexis 2481. Having determined that the default judgment rendered against appellant is a void judgment, rather than a voidable one, and, therefore, void ab initio, we must next address whether the order denying appellant's motion to vacate that judgment is a final order in light of the unresolved claims against the remaining parties.
 {¶ 11} It is axiomatic that an order must be final before it can be reviewed by an appellate court. Section 3(B)(2), ArticleIV, Ohio Constitution. Lack of finality renders this court without jurisdiction to review the matter and the appeal must be dismissed. See, generally, Stevens v. Ackman (2001),91 Ohio St.3d 182. As is pertinent to this case, R.C. 2505.02(B)(1) defines a final order as one that "affects a substantial right in an action that in effect determines the action and prevents a judgment."
 {¶ 12} Because this appeal involves not only multiple parties but multiple claims, the requirements of Civ.R. 54(B) must also be met. See Denham v. New Carlisle (1999), 86 Ohio St.3d 594,596. This rule provides, in relevant part:
 {¶ 13} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all claims * * *, shall not terminate the action as to any of the claims * * *."
 {¶ 14} The trial court's order denying appellant's motion to vacate contained no such language and the claims against Judith and Parkview Federal remain pending.[3] Because there is no compliance with Civ.R. 54(B), the order from which appellant appeals is not immediately appealable.
 {¶ 15} The appeal is dismissed.
Appeal dismissed.
Gallagher and Rocco, JJ., concur.
It is ordered that appellees recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Judith and Parkview Federal are not parties to this appeal and the claims against them remain pending in the trial court.
[2] Where there is invalid service, the time for filing an answer does not begin to run. Akron-Canton Regional AirportAuth. v. Swinehart (1980), 62 Ohio St.2d 403, 408. Moreover, Civ.R. 3(A) provides that a civil action is not commenced unless service is obtained within one year from the filing of the complaint. Lash v. Miller (1977), 50 Ohio St.2d 63.
[3] Indeed, we note from the docket that the trial court has scheduled trial to commence during the pendency of this appeal.