DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Shirley Young, appeals from a judgment order denying her motion to vacate judgment for lack of personal jurisdiction entered by the Lorain County Court of Common Pleas. We affirm.
 I. {¶ 2} This case stems from the actions and criminal convictions of Reginald Smith, son of Appellant; therefore, we commence this case with a review of Smith's case.
 {¶ 3} Smith was investigated by the Lorain Police Department on suspicion of masterminding a narcotics trafficking ring. On March 31, 1999, Smith was indicted for: one count of engaging in a pattern of corrupt activity, six counts of trafficking in cocaine, two counts of permitting drug abuse, and three counts of possession of drug paraphernalia. On May 27, 1999, new indictments added another count of engaging in a pattern of corrupt activity, one count of possession of cocaine, and one count of possession of criminal tools. A jury found that Smith was guilty of only some of the charges, to wit: engaging in a pattern of corrupt activity, five counts of trafficking in cocaine, one count of permitting drug abuse, two counts of possession of drug paraphernalia, and possession of criminal tools. Smith was sentenced to nineteen years in prison.[1]
The judgment entry of conviction and sentence included an order of forfeiture which stated:
"Seized money or property in the custody of a law enforcement agency is ordered forfeited pursuant to defendant's plea agreement. Said money or property may be used or sold by the law enforcement agency. Said money or proceeds of sale shall be distributed according to law."
 {¶ 4} On October 21, 1999, the trial court issued another order stating that the prosecutor:
"shall cause notices of forfeiture to be furnished to all persons known to have, or appearing to have an interest in the following forfeited property: (1) the real property located at 2910 Kayla Court, College Park, GA * * * said notices to be made in conformity with O.R.C. § 2923.32(E)."
 {¶ 5} R.C. 2923.32(E), a section of Ohio's organized crime or RICO act, specifies that notice of the judgment shall be sent by "certified mail, return receipt requested, to all persons known to have, or appearing to have, an interest in the property that was acquired prior to the filing of a corrupt activity lien notice[.]" Failing contact by certified mail, the statute requires publication pursuant to the Rules of Civil Procedure as the means of notice. R.C. 2923.32(E)(1). The trial court ordered the Lorain County Clerk of Courts to send notice of the forfeiture via certified mail to Reginald Smith at his prison address and to Appellant, Shirley Young, at 3765 Chamberlain Ct., Louisville, KY 40229. The receipt for certified mail indicates that Ernest Young, Appellant's husband, signed for the notice to Appellant on October 30, 1999.
 {¶ 6} In the interim, Smith filed a motion to stay the forfeiture proceedings of the property seized pending appeal. The trial court denied the motion on November 10, 1999, stating, "The titled owner of the Georgia property was notified on October 30, 1999 of the forfeiture proceedings and has 30 days from said date in which to file a petition with the Court, objecting to said forfeiture; see R.C. 2923.32(E)." Appellant responded to the notice on November 22, 1999, asking the court for a hearing and challenging the court's jurisdiction over the Georgia real property. In an attached affidavit, Appellant states that she was a bona fide purchaser for value using personal money to purchase the property and that Smith did not provide any of those funds.
 {¶ 7} The trial court originally scheduled a hearing to occur in December 1999, however the date was rescheduled several times at both parties' requests. Meanwhile, both sides filed discovery requests. At one point, the state was granted a motion to compel discovery as Appellant had not adequately responded. On July 14, 2000, Appellant and her husband filed a notice "that they hereby withdraw their jurisdictional argument to determine the claims of the innocent owners in the above captioned matter." In response, the trial court filed a journal entry stating:
"Petitioners Young have withdrawn any and all objections to this Court's jurisdiction to determine said claims. Accordingly, the Court finds that it has continuing jurisdiction in this matter, and the merits of the claims * * * of Petitioners Young is scheduled for August 11, 2000 at 2:30 p.m."
 {¶ 8} The hearing was rescheduled several more times and was ultimately scheduled for December 5, 2000. However, on October 19, 2000, Appellant and her husband filed another notice which stated:
"Now comes Petitioners, Shirley Young and Elijah Young, Sr., and hereby notif[y] this Court that they agree to withdraw their petition regarding the property located at 2910 Kayla Court, College Park, GA and agree to forfeit said property to the State of Ohio."
 {¶ 9} On the same day, the trial court ordered the property to be forfeited. There was no appeal of that order.
 {¶ 10} We now come to the subject of this appeal. On September 22, 2003, Appellant filed a motion "to vacate corrupt activity lien and any and all entries or documents allegedly relinquishing her right to certain real estate known as 2910 [Kayla] Court, College Park, Georgia." Appellant argued that her relinquishment of her interest was obtained under false pretenses and was not made knowingly, intelligently or voluntarily. She further argued that she was not advised of her rights, and the property was taken in violation of her constitutional rights and without due process of law. In her memorandum in support of the motion, Appellant claimed that the trial court did not have jurisdiction over Appellant as she was not a defendant to the original action. Appellant also stated, "Further, [Appellant] never had a hearing in this case. At a minimum, due process of law requires that there be notice and opportunity to be heard. None of this was afforded [Appellant]." The state responded in opposition to the motion to vacate. The trial court held a hearing on January 9, 2004 where Appellant was the sole witness called to testify.
 {¶ 11} On January 20, 2004, the trial court denied the motion to vacate without explanation. Appellant timely appealed, raising one assignment of error.
 II. Assignment of Error
"Appellant was denied due process of law when the court refused to vacate judgment against appellant when the court never had jurisdiction over appellant."
 {¶ 12} In her sole assignment of error, Appellant argues that the original judgment of forfeiture against her is void ab initio for lack of personal jurisdiction; therefore, the trial court erred in not granting her motion to vacate. Appellant relies uponState ex rel. Ballard v. O'Donnell (1990), 50 Ohio St.3d 182
which states in syllabus paragraph 1, "A trial court is without jurisdiction to render judgment or to make findings against a person who was not served summons, did not appear, and was not a party in the court proceedings." This argument is without merit.
 {¶ 13} A default judgment rendered against a party over whom the court lacks personal jurisdiction is void. Lincoln Tavern,Inc. v. Snader (1956), 165 Ohio St. 61, 64. "The party seeking to vacate a judgment on these grounds need not pursue relief under Civ.R. 60(B), which deals with voidable judgments, but may rely on the inherent power of the court to vacate a void judgment." Surgical Servs. v. Cremeans (May 6, 2004), 8th Dist. No. 83493, 2004-Ohio-2330, at P6. An objection to the jurisdiction of the person should be taken at the earliest opportunity. Limbaugh v. Western O.R. Co. (1916),94 Ohio St. 12, 15.
 {¶ 14} However:
"It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant. This may be acquired either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court. The latter may more accurately be referred to as a waiver of certain affirmative defenses, including jurisdiction over the person under the Rules of Civil Procedure." Maryhew v. Yova (1984),11 Ohio St.3d 154, 156.
 {¶ 15} In this matter, Appellant raised the defense of personal jurisdiction but then waived it in two ways: first, by written motion stating that she was waiving the defense, and second, by remaining in the action to defend the merits of her claim, by which she entered a voluntary appearance and submitted to the court's jurisdiction. Therefore, the forfeiture order was not a default judgment and the rule regarding default judgments being void ab initio where there is no personal jurisdiction has no bearing on this case.
 {¶ 16} Also inapplicable is the rule that when seeking to vacate a default judgment as being void ab initio, the party need not adhere to the requirements of Civ.R. 60(B). As this case involves a final judgment which is not a default judgment, Appellant's relief could only lie in a motion to vacate pursuant to Civ.R.60(B).[2] No such motion was filed.[3]
 {¶ 17} Because Appellant waived her jurisdictional argument and failed to adhere to the Rules of Civil Procedure in seeking relief from judgment, this assignment of error is overruled.
 III. {¶ 18} Appellant's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J., Concurs.
Carr, P.J., Concurs in Judgment Only.
[1] The facts regarding Smith are taken from our opinion inState v. Smith (Jan 17, 2001), 9th Dist. No 99CA007451.
[2] We make no judgment as to whether such a motion would have resulted in a favorable outcome for Appellant.
[3] Appellee states in its appellate brief that the motion was treated as a Civ.R. 60(B) motion. We see no evidence of that in the record; Appellant expressly argued below that Civ.R. 60(B) was inapplicable as they were contesting a default judgment which was void ab initio for lack of personal jurisdiction. A Civ.R. 60(B) motion seeks to address final judgments which are not void, but are voidable for the reasons stated within the rule.Westmoreland v. Valley Homes Mut. Housing Corp. (1975),42 Ohio St.2d 291, 294. Appellant made no Civ.R. 60(B) arguments and the trial court made no reference to Civ.R. 60(B) or its requirements.