DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Shirley Young, appeals from the judgment of the Lorain County Court of Common Pleas denying her motion to vacate an order to disburse proceeds from the sale of her property. We affirm.
 I. {¶ 2} Appellant owned a piece of real property located at 2910 Kayla Court, College Park, Georgia. The property was titled solely in her name. On August 6, 1999, a jury convicted Appellant's son, Reginald Dale Smith, Jr., of engaging in a pattern of corrupt activity and a number of related drug offenses. The jury further reached a special verdict of forfeiture on the Kayla Court property, pursuant to R.C.2923.32(B)(3).
 {¶ 3} On October 21, 1999, the trial court ordered that notice of the forfeiture be given to Appellant. Notice was sent by certified mail and Appellant's husband, Elijah Young, signed the certified mail receipt on October 30, 1999. On November 22, 1999, Appellant petitioned the trial court for a hearing to determine the validity of her claim to the Kayla Court property. Appellant also filed an affidavit in which she claimed that she was an innocent purchaser of the property and that she received no funds from Mr. Smith to purchase the property. After several continuances, a hearing was scheduled for December 5, 2000. Prior to the hearing, however, on October 19, 2000, Appellant and her husband filed a notice with the court withdrawing the petition and agreeing to forfeit the property. The trial court ordered forfeiture of the Kayla Court property that same day.
 {¶ 4} Nearly three years later, on September 22, 2003, Appellant filed a motion "to vacate [the] corrupt activity lien and any and all other entries or documents allegedly relinquishing her right" to the real estate. On January 20, 2004, the trial court entered an order denying the motion to vacate and ordering the state to seek approval from the court and to notify Appellant before disbursing the proceeds of the sale, in order to allow her to file a claim for reimbursement with the court. The state filed a motion to disburse the proceeds on January 30, 2004, and on February 13, 2004, Appellant appealed from the order denying her motion to vacate. In her sole assignment of error on that appeal, Ms. Young argued that she was denied due process of law "when the [trial] court refused to vacate judgment against Appellant when the court never had jurisdiction over Appellant."State v. Young, 9th Dist. No. 04CA008446, 2004-Ohio-4328, at ¶ 11. On August 18, 2004, this court affirmed the trial court's ruling on the motion to vacate on the ground that Appellant had waived personal jurisdiction. Id at ¶ 17.
 {¶ 5} On February 20, 2004, while that appeal was pending, Appellant also filed a brief with the trial court opposing the motion to disburse, arguing that the sale price of the property was inadequate and seeking reimbursement for the $100,500 purchase price of the property.
 {¶ 6} On October 12, 2004, the trial court entered an order to disburse the proceeds from the sale of the Kayla Court property, pursuant to the January 30 motion. Appellant filed a motion to vacate this order more than a year later, on October 26, 2005, arguing that she had received no notice of the trial court's order to disburse the proceeds as required by Civ.R. 58(B) and that this error deprived her of due process of law. The trial court denied the motion without explanation on November 16, 2005, and Appellant filed her notice of appeal on December 13, 2005, raising one assignment of error.
 II. Assignment of Error
"DEFENDANT [sic] WAS DENIED DUE PROCESS OF LAW WHEN THE COURT ENTERED AN ORDER OF DISBURSEMENT WITHOUT NOTICE TO ANY OF THE PARTIES AND REFUSED TO VACATE THAT ORDER."
 {¶ 7} In her sole assignment of error, Appellant argues that the trial court's disbursement order denied Appellant due process of law. Irrespective of the validity or invalidity of this argument, the final judgment before the court is not the disbursement order but the order denying Appellant's motion to vacate judgment. Appellant has failed to explain how the facts of this case justify reversing that order.
 {¶ 8} A denial of a motion to vacate is a final appealable order. Colley v. Bazell (1980), 64 Ohio St.2d 243, 245. Furthermore, filing a Civ.R. 60(B) motion can neither "substitute for a timely appeal [nor] * * * extend the time for perfecting an appeal from the original judgment." Key v. Mitchell (1998),81 Ohio St.3d 89, 90-91. Because Appellant filed the motion to vacate rather than appealing directly from the order to disburse funds, the proper basis for her appeal is not the validity of the disbursement order but the validity of the trial court's order denying the motion to vacate, which is now the final judgment in the case. A ruling on a Civ.R. 60(B) motion will not be overturned absent a showing that the trial court abused its discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77.
 {¶ 9} Civ.R.60(B) states, in relevant part,
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 10} In order to prevail on a Civ.R. 60(B) motion, the appellant must demonstrate that:
"(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 11} An appellant bears the burden of affirmatively demonstrating the error on appeal and substantiating his arguments in support. App.R. 16(A)(7). See Figley v. Corp, 9th Dist. No. 04CA0054, 2005-Ohio-2566, at ¶ 8. Moreover, it is not the duty of this Court to develop an argument in support of an assignment of error, even if one exists. State v. Tanner, 9th Dist. No. 04CA0062-M, 2005-Ohio-998, at ¶ 24; Prince v. Jordan,
9th Dist. No. 04CA008423, 2004-Ohio-7184, at ¶ 40; Klausman v.Klausman, 9th Dist. No. 21718, 2004-Ohio-3410 at ¶ 29.
 {¶ 12} In the present case, Appellant has merely reiterated her arguments verbatim from her motion to vacate, asserting that the trial court erroneously failed to notify her of the final order to disburse the funds as required by Civ.R. 58(B), and that this failure deprived Appellant of due process of law. This argument does not suffice to overturn an order denying a motion to vacate. Appellant has not stated which of the Civ.R. 60(B) grounds applies to the present case, nor has she shown that the court's denial of the motion amounted to an abuse of discretion.
 {¶ 13} Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 14} Ms. Young's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, P.J. Moore, J. concur.