DEUTSCHE BANK TRUST COMPANY AMERICAS, Appellant,

v.

PEARLMAN et al., Appellees.

[Cite as *Deutsche Bank Trust Co. v. Pearlman*, 162 Ohio App.3d 164, 2005-Ohio-3545.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 22413.

Decided July 13, 2005.

Dean W. Kanellis and Dennis Reimer, for appellant.

Steven M. Pearlman, pro se.

Connie Snipes and Myrtis Snipes, pro se.

Keith C. Ruffner, II, for appellee Walker Battle.

BATCHELDER, Judge.

{¶ 1} Appellant, Deutsche Bank Trust Company Americas ("Deutsche Bank"), f.k.a. Bankers Trust Company, appeals from the order of the Summit County Court of Common Pleas that vacated a default judgment of foreclosure and dismissed the entire case. We vacate the order and remand the cause.

I

{¶ 2} On March 5, 2003, Deutsche Bank, as trustee for Homecomings Financial Network, filed a complaint for foreclosure against appellees Steven M. Pearlman, Jane Doe, unknown spouse of Pearlman, Connie Snipes, and Myrtis Snipes. Deutsche Bank asserted one count of breach of the promissory note signed by Pearlman and a second count of foreclosure of the mortgage signed by Pearlman and delivered as security for the payment of the note. The mortgage encumbered the property located at 530 Clearbrook Drive, Akron, Ohio, Summit County.

{¶ 3} Service of the complaint and summons was attempted by certified mail on Pearlman at his residence at 22490 Bard Avenue, Fairview Park, Ohio. However, Pearlman refused service of the complaint and summons. Therefore, the clerk of courts mailed the summons and complaint to Pearlman by ordinary mail.

{¶ 4} Meanwhile, on March 12, 2003, Pearlman filed with the trial court a letter and affidavit of mistaken identity, acknowledging service of the complaint and summons upon his wife. He admitted having a mortgage with Homecomings Financial on the property located at 530 Clearbrook Drive in Akron, Ohio, but nevertheless maintained that he had "nothing to do with the property in question."

{¶ 5} After efforts to effect service of the complaint and summons upon Connie and Myrtis Snipes in the traditional manner, counsel accomplished service by publication.

{¶ 6} Thereafter, Walker Battle, who resided at the property and had a land contract for the property, intervened in the action as a necessary party.

{¶ 7} On December 12, 2003, Deutsche Bank filed a motion for default judgment, asserting that Pearlman, his wife, and the Snipeses had failed to answer the complaint. On December 22, 2003, the court granted the motion for default as to all these defendants and entered judgment of foreclosure. The court declared Deutsche Bank to have the first and best lien on the property. An order of sale was issued, a sheriff's sale was held, and a judgment entry confirming sale and ordering distribution was entered, setting out the priority of the distribution of proceeds of the sale.

{¶ 8} On September 3, 2004, Deutsche Bank filed a motion to show cause why the highest bidders on the property should not to be held in contempt for failure to pay the balance of funds due in accordance with the bid they had made at the sheriff's sale. The court heard the motion on October 12, 2004. After addressing the show-cause motion, the court made an unrelated finding on the record that Pearlman had not in fact failed to answer the complaint. The court declared that Pearlman had filed a letter and affidavit of mistaken identity, which it construed

to be an answer, but that neither document had been served on the other parties. However, the court concluded that based upon this "answer" and affidavit, the default judgment of foreclosure entered on December 22, 2003, had been granted in error. The court then stated that it was sua sponte vacating the judgment of foreclosure pursuant to Civ.R. 60(B) and noted that it would "anticipate seeing further proceedings and pleadings in this matter filed promptly."

{¶ 9} On October 26, 2004, no further motions having been filed by the parties as previously anticipated by the court, the court issued an order finding that Deutsche Bank now sought to vacate the order of sale and requested forfeiture of the deposit paid for costs and attorney fees. The court declared the December 22, 2003 judgment of foreclosure void, vacated the subsequently entered order of sale and confirmation of sale, and dismissed Deutsche Bank's action without prejudice pursuant to Civ.R. 41(B)(4)(a). The court reasoned that no judgment should have been entered against Pearlman and his wife because he had asserted a case of mistaken identity and this fact was uncontested by any of the parties. The court concluded that Deutsche Bank had failed to otherwise effect service of process on the proper Steven M. Pearlman. Additionally, the court stated that no interest was set forth in the foreclosure judgment with respect to Connie Snipes and Myrtis Snipes and that, therefore, no actual judgment existed with respect to these two parties. It is from this order that Deutsche Bank now appeals.

{¶ 10} Deutsche Bank timely appealed, asserting one assignment of error for review.[1]

## II

### Assignment of Error

The trial court erred when it sua sponte vacated the December 22, 2003 judgment entry and foreclosure decree and dismissed plaintiff's action.

{¶ 11} In its sole assignment of error, Deutsche Bank contends that the trial court erred when it sua sponte vacated the December 22, 2003 judgment of foreclosure. We agree.

{¶ 12} Initially, we note that appellees have failed to file an appellate brief. Therefore, "[p]ursuant to App.R. 18(C), this court may accept [Deutsche Bank's] statement of the facts and issues as presented in [its] brief as correct and reverse the judgment of the trial court if [Deutsche Bank's] brief reasonably

---

1. On June 14, 2005, Deutsche Bank filed a supplemental brief without obtaining leave from this court. The supplemental brief is stricken on this basis. See App.R. 16(C).

appears to sustain such action." *Bank of New York v. Smith,* 9th Dist. No. 21534, 2003-Ohio-4633, 2003 WL 22047636, at ¶ 2.

{¶ 13} Deutsche Bank argues that the trial court erred when it sua sponte vacated the December 22, 2003 final judgment of foreclosure, asserting that a trial court does not have the authority to sua sponte vacate a final judgment pursuant to Civ.R. 60(B). While the trial court did not mention Civ.R. 60(B) in its order, it did nevertheless vacate the default judgment of foreclosure, sua sponte. Deutsche Bank is correct in its assertion that a trial court does not have the authority to sua sponte vacate a final judgment under Civ.R. 60(B). See *Mathias v. Dutt* (Feb. 20, 2002), 9th Dist. No. 20577, 2002 WL 242108.

{¶ 14} We do note that a trial court has the inherent authority to set aside a void judgment sua sponte. *In re Witherell,* 9th Dist. No. 01CA007936, 2002-Ohio-2328, 2002 WL 1022998, at ¶ 8, citing *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph four of the syllabus. See, also, *Thomas v. Fick* (June 7, 2000), 9th Dist. No. 19595, 2000 WL 727531 ("Civ.R.60(B) is inapplicable in proceedings where the underlying order to be vacated is a void judgment"). " 'A judgment is void only where the court lacks jurisdiction of the subject matter or of the parties or where the court acts in a manner contrary to due process.' " *Thomas,* quoting *Rondy v. Rondy* (1983), 13 Ohio App.3d 19, 22, 13 OBR 20, 468 N.E.2d 81.

{¶ 15} " 'It is only in instances in which the trial court lacks jurisdiction that a judgment is void * * *.' *Eisenberg v. Peyton* (1978), 56 Ohio App.2d 144, 148 [10 O.O.3d 158], 381 N.E.2d 1136. In all other instances, the trial court's decision is voidable * * *." *Thomas.* Pursuant to Civ.R. 60(B), the vacation of a voidable judgment must be done "by motion as prescribed in these rules." *Sweeney v. Sweeney* (Sept. 17, 1998), 10th Dist. No. 98AP–66, 1998 WL 635286. Therefore, under the Rules of Civil Procedure, a trial court does not have the authority to sua sponte vacate a voidable judgment. Id.

{¶ 16} In this case, the trial court appeared to invoke the issue of personal jurisdiction, stating that because the proper Steven M. Pearlman was not made a party to the case, the court did not have jurisdiction to enter an order with respect to such person. However, based upon our review of the pleadings and other correspondence filed with the trial court, it is reasonable to conclude that Pearlman has a connection to the property in question and is the correct party. Although Pearlman filed an affidavit of mistaken identity claiming to have no connection to the property, he contemporaneously admitted that he had taken out a mortgage on the property in question.

{¶ 17} Assuming arguendo that Pearlman was not the correct party, this would not obviate the fact that the court nevertheless had jurisdiction over all persons

named in the complaint, including Pearlman.  In fact, the trial court found in its October 26, 2004 order that service of the complaint and summons was effectuated on all named parties.  Furthermore, Pearlman submitted to the jurisdiction of the court by filing a responsive letter and affidavit.  Thus, the trial court had jurisdiction to enter some sort of judgment with respect to Pearlman.  See *State v. Young*, 9th Dist. No. 04CA008446, 2004-Ohio-4328, 2004 WL 1837077, at ¶ 14.  Therefore, the trial court's conclusion that the judgment was void is incorrect.

{¶ 18} Therefore, the trial court could not rely on its inherent power to set aside the judgment in this case.  Furthermore, none of the parties in this case moved the court to change the default foreclosure judgment.  See *Mathias*, 9th Dist. No. 20577, 2002 WL 242108.  Thus, we find that the trial court erred in sua sponte vacating the default foreclosure judgment under Civ.R. 60(B).

{¶ 19} Deutsche Bank argues not only that the court lacked the authority to vacate the judgment, but also that the court incorrectly concluded that Pearlman was not in default.  Because we have already concluded that the court's decision to vacate the original default judgment of foreclosure was in error because it did not have the general authority to do so, this subsequent issue is moot.  Therefore, we need not address it.  Furthermore, because the trial court's decision to vacate the default judgment of foreclosure was improper, it follows that any further actions taken based on this improper decision, namely the trial court's denial of the motion to show cause and the dismissal of the entire case, are moot for the purposes of our review.

{¶ 20} Deutsche Bank's sole assignment of error is sustained.  We vacate the trial court's October 26, 2004 order in its entirety.  It follows that the December 22, 2003 default judgment of foreclosure and subsequently entered order of sale and the confirmation of sale remain in full force and effect.  As the motion to show cause now remains pending, we remand the case to the trial court for further proceedings consistent with this decision.

### III

{¶ 21} Deutsche Bank's sole assignment of error is sustained.  The order of the Summit County Court of Common Pleas is vacated, and the cause is remanded for further proceedings consistent with this decision.

Judgment vacated
and cause remanded.

WHITMORE, P.J., and CARR, J., concur.