DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Toledo Municipal Court in which the trial court, acting sua sponte, vacated a default judgment filed by appellant, The Carter-Jones Lumber Co., and extended the time for appellee, Richard Willard[1], to respond to the complaint. For the reasons that follow, we hereby reverse the judgment of the trial court.
 {¶ 2} The undisputed, relevant facts are as follows. On December 13, 2005, appellant filed a complaint against appellee, in which appellant alleged it was owed $5,853.03, plus interest, on an unpaid account. On January 20, 2006, appellant filed a motion for default judgment, in which it asserted that appellee did not timely respond to the complaint or otherwise defend itself in the action. On January 23, 2006, appellee's attorney filed a notice of appearance, along with an "Application for Extension or Continuance," in which appellee asked the trial court to extend the time for a response to February 20, 2006. Appellee's application was not supported by a motion or any evidence to explain the need for an extension of time.
 {¶ 3} On January 27, 2006, the trial court granted appellant's motion for default judgment and ordered appellee to pay appellant "$5,853.03, together with interest at the rate of 14% per annum * * *." On February 7, 2006, the trial court, acting sua sponte, vacated the default judgment. Appellee answered the complaint on March 1, 2006.[2]
Appellant filed a timely notice of appeal on March 10, 2006.
 {¶ 4} On appeal, appellant sets forth the following as its sole assignment of error:
 {¶ 5} "Assignment of Error No. 1:
 {¶ 6} "The trial court erred, to the prejudice of appellant, when it vacated the default judgment, without the submission of a motion, any evidence or explanation required by Ohio Civ.R. 60(B)."
 {¶ 7} Pursuant to Civ.R. 55(A), a default judgment may be awarded against a party who "has failed to plead or otherwise defend as provided by these [civil] rules." Once granted, "[a] trial court's decision to grant relief from a default judgment will not be disturbed on appeal absent a showing of an abuse of discretion." State Auto Ins. Co. v.Colclough, 2nd Dist. No. 21187, 2006-Ohio-3654, ¶ 13, citing Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77. However, such discretion is not unlimited.
 {¶ 8} It is well-settled that a trial court has inherent authority to set aside a void judgment. Deutsche Bank Trust Co. Americas v.Perlman, 9th Dist. No. 22413, 2005-Ohio-3545, ¶ 14; Patton v.Diemer (1988), 35 Ohio St.3d 68, paragraph four of the syllabus. A judgment is considered void " ` "where the court lacks jurisdiction of the subject matter or of the parties or where the court acts in a manner contrary to due process." ` " Id., quoting Thomas v. Fick, (June 7, 2000), 9th Dist. No. 19595, quoting Rondy v. Rondy (1983),13 Ohio App.3d 19, 22.
 {¶ 9} Appellee asserts the trial court properly vacated the default judgment because it was void for lack of due process.[3] In support, appellee argues he did not receive seven days' notice of the motion, pursuant to Civ.R. 55(A), which provides that "[i]f a party against whom judgment by default is sought has appeared in the action, he or she * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. * * *" (Emphasis added.) We disagree.
 {¶ 10} Ohio courts have consistently held that a party who has not appeared prior to the filing of a motion for default judgment is not entitled to seven days' notice pursuant to Civ.R. 55(A). Natl. CityMtge. Co. v. Johnson Assoc. Fin. Svcs, Inc., 2nd Dist. No. 21164, 2006-Ohio-2364; Meglan, Meglan Co., Ltd. v. Bostic, 10th Dist. No. 05AP831, 2006-Ohio-2270; Alliance Group, Inc. v. Rosenfield (1996),115 Ohio App.3d 380. In any event, even if an appearance was timely made and notice was not given, such failure renders the default judgmentvoidable, but not void. Natl. City Mtge. Co., supra, ¶ 16, citingMiamisburg Motel v. Huntington Natl. Bank, (1993), 88 Ohio App.3d 118.
 {¶ 11} It is undisputed that appellee's attorney did not file a notice of appearance until after the motion for default judgment was filed. Accordingly, appellee was not entitled to seven days' notice pursuant to Civ.R. 55(A), and his argument that the default judgment was void for lack of due process is without merit.
 {¶ 12} Generally, Ohio courts follow the rule that, in situations where a judgment is merely voidable, and not void, it can only be vacated pursuant to Civ.R. 60(B). Deutsche Bank Trust Co. Americas, supra, ¶ 15. See, also, Midwest Environmental Controls, Inc. v.Houttekeir (Nov. 12, 2004), 6th Dist. No. L-04-1118 (The trial court cannot vacate a default judgment sua sponte because, without a written Civ.R. 60(B) motion and a corresponding opportunity to respond, there is no basis on which to determine whether the default judgment should have been vacated.) Id., ¶ 3.
 {¶ 13} The one notable exception to the above-stated rule is the Seventh District Court of Appeals, which has held that a trial court has the authority to vacate its own default judgment, even in the absence of a Civ.R. 60(B) motion, rather than dismiss an action on purely technical grounds. See Fisher v. Lake Erie Homes (June 22, 1998), 7th Dist. No. 96 C.A. 34, citing Dogoda v. Schiffauer (Apr. 6, 1998), Mahoning App. No. 97 C.A. 20. However, we cannot apply the reasoning expressed inFisher to the facts of this case, for the following reasons.{¶ 14} The actions of the Toledo Municipal Court are governed not only by the Ohio Rules of Civil Procedure, but also by the Toledo Municipal Court Rules. Pursuant to Tol. Mun. Ct. Rule 29(H), "[a] default judgment may only be vacated in accordance with Rule 60 of the Ohio Rules of Civil Procedure."
 {¶ 15} Civ.R. 60(B) provides, in relevant part, that:
 {¶ 16} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceedings for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reasons justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *."
 {¶ 17} As set forth above, appellee provided no argument or evidence in support of either his failure to appear and timely respond to the complaint, or his request for a continuance. Since appellee did not even substantially comply with the requirements of Civ.R. 60(B), the trial court's action cannot be construed as taken in accordance with either Civ.R. 60(B); therefore, it does not comply with Toledo Municipal Court Rule 29(H).
 {¶ 18} We sympathize with the trial court's attempt to seize an opportunity to adjudicate this case on its merits and avoid a dismissal on technical grounds. Certainly, vacating the default judgment, if correctly executed, would have allowed the case to proceed on its merits, promoted the goal of judicial economy and had the effect of limiting the parties' attorney's fees. However, on consideration of the entire record as set forth above, we are compelled to find the trial court erred and, therefore, abused its discretion by sua sponte vacating the January 27, 2006, default judgment. Deutsche Bank Trust Co.Americas, supra; Midwest Environmental Controls, Inc., supra, ¶ 3.
 {¶ 19} Appellant's sole assignment of error is well-taken. The February 7, 2006, order of the Toledo Municipal Court is hereby reversed, and the case is remanded to the trial court for further proceedings consistent with this decision.
 {¶ 20} Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
PETER M. HANDWORK, J., JUDGE; WILLIAM J. SKOW, J., JUDGE; GEORGE M. GLASSER, J., JUDGE concur.
[1] The complaint lists appellee Richard Willard as a defendant, both individually and "dba Capricorn Construction." In the interest of clarity, we will refer to only appellee, Richard Willard, in this opinion.
[2] Appellant also argues that the trial court improperly allowed appellee to file his answer after the February 20, 2006, deadline. However, this argument is irrelevant, since the answer was filed after the date the judgment on appeal was issued.
[3] Neither party suggest, and the record does not reveal, that the default judgment was void for lack of jurisdiction.