JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Plaintiff-appellant, Laura M. Samples, nka Samantha Dier ("appellant"), appeals the trial court's judgment vacating its prior decision finding defendant-appellee, Michael L. Dier ("appellee"), in contempt of court and issuing a purge order. Additionally, appellant appeals the court's dismissal of her motion to impose sentence. For the reasons set forth below, we affirm.
 {¶ 3} On June 20, 1991, appellant, mother of Samantha M. Dier, filed an application to determine custody of child/children not a ward/wards of another court of this state. On September 13, 2005, after numerous motions filed in this matter, appellant filed a motion to show cause why appellee should not be held in contempt for failing to pay child support. Within this motion appellant also requested a sentence with purge order and attorney fees.
 {¶ 4} On April 12, 2006, the Magistrate ruled upon appellant's aforementioned motion, finding appellee in contempt and issuing a purge order. The trial court adopted the Magistrate's Decision on May 4, 2006.
 {¶ 5} Thereafter, appellant filed a motion to impose sentence on July 31, 2006. Appellee filed the following three motions on August 4, 2006: a motion for emergency hearing, motion to vacate magistrate's decision, and motion to hold in contempt on August 4, 2006. *Page 4 
 {¶ 6} On October 4, 2006, the trial court dismissed the instant action for lack of subject matter jurisdiction. The court explained that "[a]ll matters are subject to the jurisdiction of the State of Kentucky where the parties are, and have been, engaged in litigation." The court then vacated the Magistrate's Decision of April 12, 2006 because it lacked jurisdiction to render the decision. Furthermore, the court ordered all pending motions to be dismissed.
 {¶ 7} Appellant now appeals and asserts two assignments of error for our review. Appellant's first assignment of error states:
 {¶ 8} "The trial court erred in vacating the Court Order filed on May 4, 2006 finding Michael P. Dier in contempt of Court and issuing a Purge Order."
 {¶ 9} In a judgment entry dated October 4, 2006, the trial court vacated the Magistrate's Decision of April 12, 2006, which found appellee in contempt of court and issued a purge order. The trial court explained that it lacked jurisdiction to render such a judgment. In that order, the court determined that it lacked jurisdiction to entertain the case because the state of Kentucky was at the time, and previously had been, exercising exclusive jurisdiction over the children.
 {¶ 10} As an initial matter, we note that R.C. 3127.01 et seq. governs determinations involving foreign parenting decrees. In this matter, the trial court determined that it lacked subject matter jurisdiction to render any decisions *Page 5 
regarding the parties,[1] and it therefore did not have the authority to conduct any proceedings in the matter. See Pratts v. Hurley,102 Ohio St.3d 81, 83, 2004-Ohio-1980, 806 N.E.2d 992. In Pratts, the Supreme Court of Ohio stated:
 {¶ 11} "Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time. United States v. Cotton (2002), 535 U.S. 625,630, 122 S. Ct. 1781, 152 L.Ed.2d 860; State ex rel. Tubbs Jones v.Suster (1998), 84 Ohio St.3d 70, 75, 1998-Ohio-275, 701 N.E.2d 1002. It is a `condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void.' Id.; Patton v. Diemer (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph three of the syllabus."
 {¶ 12} A trial court has the inherent authority to set aside a void judgment sua sponte. Deutsche Bank Trust Co. Americas. v. Pearlman, 162 Ohio App.3d 164, 2005-Ohio-3545, 832 N.E.2d 1253. The authority to vacate a void judgment is not derived from Civ. R. 60(B), but rather constitutes an inherent power possessed by Ohio courts. See Staff Notes to Civ. R. 60(B); Lincoln Tavern, Inc. v.. Snader (1956);165 Ohio St. 61, 133 N.E.2d 606, paragraph one of the syllabus; Westmoreland v.Valley Homes Corp. (1975), 42 Ohio St. 2d 291, 294, 328 N.E. 2d 406,409. *Page 5 
 {¶ 13} Absent proper jurisdiction, the Magistrate's Decision of April 12, 2006, finding appellee in contempt and issuing a purge order, would be invalid and void ab initio. See id. The trial court, therefore, did not err in vacating the Magistrate's Decision. Appellant's first assignment of error is without merit.
 {¶ 14} Appellant's second assignment of error states:
 {¶ 15} "The court in dismissing the Motion to Impose Sentence filed by Appellant Laura M. Samples on the basis of lack of jurisdiction."
 {¶ 16} In this assignment of error, appellant maintains that the court erred in dismissing her motion to impose sentence on the basis of lack of jurisdiction in its judgment entry filed October 4, 2006. In support of her contention, appellant argues that there were no facts before the trial court which could allow the court to determine it no longer had jurisdiction and that the state of Kentucky had jurisdiction. We find appellant's argument without merit.
 {¶ 17} We note that the record which the trial court had in making this ruling involved cases concerning the same parties and same issues which were heard by the same judge. The trial court did not properly journalize its consolidation of these cases, but there is no indication that the court lacked a basis for determining that Kentucky had jurisdiction, and indeed, evidence upon which the court relied in declining jurisdiction is contained in other cases involving the same parties and same issues which were heard by the same judge. On appeal, appellant urged this court to consider only the record in the appeal as to Samantha, and no other portion *Page 6 
of the parties' litigation. Appellant has the burden to make a complete record. App.R. 9(B). Appellant is aware of these other cases and the basis of the trial court's ruling, but has failed to supplement this record with such evidence. Accordingly, we find appellant has failed to make a complete record which limits our ability to substantively review the merits of the court's decision declining jurisdiction. Without evidence establishing that the trial court's decision was erroneous, we are required to presume regularity. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384. Therefore, appellant's second assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 7 
PATRICIA ANN BLACKMON, P.J., and MARY J. BOYLE, J., CONCUR
[1] We address this further in connection with the second assignment of error. *Page 1