[Cite as *Parker v. Allstate Property & Cas. Ins. Co.*, 2012-Ohio-6278.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| GREG PARKER, et al., | ) | |
| | ) | CASE NO. 12 BE 2 |
| PLAINTIFFS-APPELLEES, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| ALLSTATE PROPERTY AND | ) | |
| CASUALTY INSURANCE CO., | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Common Pleas
Court, Case No. 09 CV 78.

JUDGMENT:      Reversed.  May 12, 2011 judgment in
favor of Allstate P&C reinstated.

APPEARANCES:
For Plaintiffs-Appellees:      Attorney Joshua Miller
JD Miller & Associates
44 16th Street
Wheeling, WV  26003

For Defendant-Appellant:      Attorney Daniel Hurley
Crabbe, Brown & James LLP
500 South Front Street, Suite 1200
Columbus, OH  43215

JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich

Dated:  December 20, 2012

[Cite as *Parker v. Allstate Property & Cas. Ins. Co.*, 2012-Ohio-6278.]
DeGenaro, J.

{¶1} Defendant-Appellant, Allstate Property and Casualty Insurance Company (Allstate P&C) appeals the December 20, 2011 judgment of the Belmont County Court of Common Pleas, which, under the auspices of Civ.R. 60(B), sua sponte vacated an earlier judgment granting partial summary judgment in favor of Allstate P&C and against Appellees Greg and Christine Parker. On appeal, Allstate P&C asserts that the trial court lacked the authority to sua sponte vacate its earlier final judgment.

{¶2} Upon review, Allstate P&C's assignment of error is meritorious. As a threshold matter, the trial court lacked jurisdiction to entertain the Parkers' motion to reconsider its original May 12, 2011 order granting Allstate P&C summary judgment on the Parkers' UIM claim. The trial court compounded this error by later sua sponte vacating that order. There is no indication that the prior judgment was void. The trial court did not vacate the judgment to correct a clerical error. Further, the trial court was not acting in response to the Parkers' earlier motion for reconsideration and the trial court did not treat the motion for reconsideration as a Civ.R. 60(B) motion to vacate. The trial court's December 20, 2011 judgment stated expressly that the court was acting on its own accord. Accordingly, the judgment of the trial court is reversed and the May 12, 2011 order granting Allstate P&C summary judgment on the Parkers' UIM claim is reinstated.

## Facts

{¶3} On December 21, 2004, a vehicle driven by Greg Parker was struck from behind by a vehicle driven by Katherine Dillon, causing him bodily injury. At the time of the accident, Dillon was insured by a policy issued by Allstate Indemnity Company (Allstate Indemnity). Dillon's policy contained liability limits of $12,500 per person and $25,000 for each occurrence. The Parkers were insured by a policy issued by (appellant) Allstate P&C, which contained uninsured/underinsured motorist (UM/UIM) coverage in the amount of $100,000 each person/$300,000 each accident.

{¶4} The Parkers' policy contains the following pertinent provision with respect to UM/UIM coverage. First, it contains an exhaustion requirement, under the heading "Limits of Liability," which provides:

We are not obligated to make any payment for bodily injury under this coverage which arises out of the ownership, maintenance or use of an underinsured motor vehicle until after the limits of liability for all liability protection in effect and applicable at the time of the accident have been fully and completely exhausted by payment of judgment or settlements.

**{¶5}** Second, under the heading "Legal Actions," the Policy provides:

Any legal action against Allstate must be brought within three years of the date of the accident. No one may sue us under this coverage unless there is full compliance with all the policy terms and conditions.

**{¶6}** On December 19, 2006, just before the statute of limitations had run, the Parkers filed a complaint against Katherine Dillon and Richard Dillon, Jr. for negligence in the Belmont County Court of Common Pleas. Despite the fact that the Parkers had known since May of 2006 that Dillon's Allstate Indemnity policy had a liability limit of $12,500, the Parkers did not name Allstate P&C as a defendant in order to seek UIM benefits. The Parkers settled their claim with Allstate Indemnity, the Dillons' insurer, for $12,500, the policy limit, on December 12, 2008.

**{¶7}** In the meantime, the Parkers did initiate a UIM claim with Allstate P&C, however, this did not occur until June 5, 2008, over three and a half years after the accident occurred. They did this by sending a letter to Dillon's insurer (Allstate Indemnity), requesting that a claim be initiated and asking that the correspondence be forwarded to the appropriate UIM adjuster.

**{¶8}** The Parkers filed a complaint (the instant matter) against Allstate P&C in the Belmont County Court of Common Pleas on February 13, 2009, raising claims for UIM benefits and for bad faith. Allstate P&C filed an answer on April 7, 2009.

**{¶9}** On January 25, 2010, Allstate P&C filed a motion for summary judgment, in which it argued that the Parkers' claim for UIM benefits was barred by the three-year time limit provision contained in Allstate P&C's Policy, citing cases from this district

and the Ohio Supreme Court holding such provisions are enforceable. It further argued that the bad faith claim was frivolous. The Parkers filed a brief in opposition, and Allstate P&C a reply brief.

{¶10} On May 12, 2010, the trial court "partially" overruled the summary judgment. Regarding the UIM claim, the trial court found that "due to the provision in the policy requiring that the plaintiff exhaust other insurance options by way of judgment or settlement, the three year provision was not tolled until settlement was effected." The trial court did not rule on the bad faith claim.

{¶11} Allstate P&C filed a notice of appeal from the May 12, 2010 judgment, which was dismissed by this court for lack of a final, appealable order.

{¶12} Once back in the trial court, on August 20, 2010, Allstate P&C moved the court to reconsider its May 12, 2010 denial of summary judgment. Essentially, this was a renewed motion for summary judgment. Allstate P&C asserted that based upon Ohio Supreme Court precedent it was entitled to summary judgment on the Parkers' UIM claim. Allstate P&C further noted that the trial court failed to address the bad faith claim in its prior summary judgment motion, and asked the court to grant summary judgment on that claim because Allstate P&C did not owe a duty of good faith to the Parkers. The Parkers filed a brief in opposition on August 31, 2010, and Allstate P&C replied on September 13, 2010.

{¶13} On May 12, 2011, the trial court granted Allstate P&C's renewed motion for summary judgment in part. The trial court concluded that although in the past causes of action for UIM benefits did not accrue until settlement or judgment with the tortfeasor established entitlement to UIM coverage, the law had changed, citing R.C. 3937.18 and *Regula v. Paradise*, 119 Ohio St.3d 1413, 2008-Ohio-3380, 891 N.E.2d 771. The trial court noted that "under the current statute, the three year limitation upon which Allstate Property and Casualty relies is permitted."

{¶14} Since the Parkers' complaint for UIM benefits was filed over three years after the accident, the trial court granted summary judgment in favor of Allstate P&C on the Parkers' UIM claim, and included the "no just cause for delay language" in the judgment entry. The trial court did not address the bad faith claim, which remains

pending in the trial court.

{¶15} On May 26, 2011, the Parkers filed a motion for reconsideration of the trial court's order granting summary judgment on the UIM claim. The Parkers asserted the trial court's May 12, 2011 entry granting Allstate P&C partial summary judgment erroneously stated that they had failed to file a brief in opposition to Allstate P&C's renewed motion for summary judgment.

{¶16} On June 1, 2011, the trial court set the Parkers' reconsideration for oral hearing on July 5. On June 7, 2011, the trial court issued an entry stating in its entirety "[r]uling vacated, set aside and held for naught pending ruling on motion for reconsideration."

{¶17} On June 21, 2011, Allstate P&C then filed a brief in opposition arguing that a motion for reconsideration pertaining to a final order is a nullity, and that the May 12, 2011 entry granting summary judgment on the UIM claim was a final, appealable order since it was entered pursuant to Civ.R. 54(B). Further, Allstate P&C contended that any order or decision issued by the trial court pursuant to the Parkers' May 26, 2011 motion for reconsideration was itself a nullity.

{¶18} The Parkers replied, arguing that the court mistakenly failed to consider its brief in opposition to Allstate P&C's motion and that they were merely asking the trial court to correct this error and consider the arguments set forth in their brief.

{¶19} On July 1, 2011, the trial court continued the hearing it had previously set for the motion for reconsideration to August 1, 2011.

{¶20} On July 11, 2011, the trial court issued an entry stating:

> The Court hereby corrects its previous Opinion. Counsel for Plaintiff filed a timely response to the Renewed Motion for Summary Judgment. Nevertheless, the Court finds that the Renewed Motion for Summary Judgment was meritorious for the reasons set forth in this Court's Opinion.
>
> This Court's previous order having been vacated, the Court notes that

the time for an appeal shall commence with the journalization of this Entry.

**{¶21}** On August 4, 2011, the trial court set aside its July 1 entry rescheduling the reconsideration motion hearing because it "was entered in error." In light of that erroneous entry, the trial court ruled that the "portion of the previous [July 11, 2011] entry which reads: 'the appeal time shall commence with the journalizing of the entry'" was "negated." The trial court ordered counsel for Allstate P&C to prepare a judgment entry memorializing the July 11, 2011 entry ruling in its favor within 14 days. The trial court further ruled that "[u]ntil said judgment entry is entered, the appeal time shall not commence to run."

**{¶22}** Instead of preparing the entry as requested by the trial court, on August 22, 2011, Allstate P&C filed a memorandum in response to the trial court's order, in which it asserted, inter alia, its position that the Parkers' appeal time had already expired, with respect to the UIM claim. Allstate P&C therefore asserted it could not "prepare or agree to an entry to reflect anything other than that the appeal time had already expired in this matter."

**{¶23}** The Parkers subsequently requested a status conference, asserting that "there are issues that require discussion that may or may not rise to the level of filing Motions, including the most recent filing by defense counsel that was not a Motion requiring a response, but a statement that he was not going to comply with the Court's recent Order."

**{¶24}** The status conference was set for November 7, 2011, and later continued until December 5, 2011. It is unclear from the record whether the conference went forward.

**{¶25}** Finally, on December 20, 2011, the trial court issued a judgment entry stating the following: "On its own motion, pursuant to Civ.R. 60(B), the Court reopens the issues raised in Defendant's Motion for Summary Judgment and vacates its ruling granting the same. Parties granted 30 days to brief all issues relating thereto."

**Reconsideration of a Partial Final Judgment Entered Pursuant to Civ. R. 54(B)**

{¶26} In its sole assignment of error, Allstate P&C asserts:

{¶27} "The trial court erred in vacating, sua sponte, its judgment entry of May 12, 2011 granting Defendant Allstate Property and Casualty Insurance Company's motion for summary judgment."

{¶28} Allstate P&C's assigned error raises a preliminary procedural question with respect to partial final judgments which we must first address, namely, whether partial final judgments entered pursuant to Civ.R. 54(B) may be reconsidered by the trial court or whether an immediate appeal is necessary. We conclude the trial court should not have entertained the Parkers' May 26, 2011 motion to reconsider the May 12, 2011 order granting summary judgment on the UIM claim because it was a final, immediately appealable order. Moreover, the Parkers did not have the option to wait for the trial court to rule on the pending bad faith claim to appeal the UIM summary judgment ruling. Although App.R. 4(B)(5) provides for this option in some partial judgment situations, it specifically excludes one type of partial judgment from its operation, that is, a judgment entered under Civ.R. 54(B).

{¶29} "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 776 N.E.2d 101, 2002-Ohio-5315, ¶5, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus. Civ.R. 54(B) further provides that where a trial court issues a final order as to some, but not all, of the claims between parties to an action, the trial court has the discretion to enter that final judgment "with no just cause for delay" to facilitate an immediate appeal of the judgment. Thus, the trial court can use Civ.R. 54(B) to dictate *when* a final order is appealable. By including the requisite language, the order is immediately appealable; by withholding it the appeal time does not begin to run until *all* the claims between the parties are resolved at the end of the case. Here the trial court did not rule on the Parkers' bad faith claim, which remains pending below. The trial court only disposed of the UIM claim and included the language from Civ.R. 54(B), determining there was "no just cause for delay," thereby making the summary judgment in favor of Allstate P&C on the UIM claim an *immediately* final appealable order. *See* Civ.R. 54(B);

App.R. 4(A); App.R. 4(B)(5).

{¶30} Because the May 12, 2011 order granting partial summary judgment in favor of Allstate P&C on the Parkers' UIM claim was a final order as defined by R.C. 2505.02, and the trial court included the Civ.R. 54(B) triggering language, the Parkers should have filed a notice of appeal within 30 days of that order. Instead, they filed a motion for reconsideration of a final judgment, which is a legal nullity the trial court should not have considered. *See Pitts v. Dept. of Transp.*, 67 Ohio St.2d 378, 379, 423 N.E.2d 1105 (1981). And moreover, any judgments or orders stemming from that motion for reconsideration are themselves nullities. *Id.* at 381. Thus, the trial court's entries of June 7, 2011 and July 11, 2011 are legal nullities. The correct procedural posture of the case was that the May 12, 2011 summary judgment in favor of Allstate P&C on the UIM claim was in full force and effect, the appeal time having expired, when the trial court sua sponte vacated the May 12, 2011 judgment on December 20, 2011. And Allstate P&C has properly invoked our jurisdiction, having timely appealed the trial court's December 20, 2011 judgment entry.

### Sua Sponte Vacating a Final Judgment Pursuant to Civ.R. 60(B)

{¶31} Turning now to the merits of the assigned error, Allstate P&C correctly asserts the trial court erred by sua sponte vacating its May 12, 2011 order. There are limited situations where a trial court may vacate a prior final order sua sponte, namely, to correct a clerical error pursuant to Civ.R. 60(A) or if the prior order is void ab initio. *In re A.S.,* 7th Dist. No. 09 JE 17, 2009-Ohio-6246, ¶10-11.

{¶32} With regard to the first circumstance, Civ.R. 60(A) only permits a trial court to sua sponte change a prior final order, "for corrections of clerical errors that do not make substantive changes in a judgment." Here the trial court vacated its earlier decision to grant summary judgment, which is certainly a substantive modification. Therefore, Civ.R. 60(A) does not apply.

{¶33} Second, there is no indication that the prior final order was void ab initio. "A judgment is considered to be void, and not merely voidable, 'only where the court lacks jurisdiction of the subject matter or of the parties or where the court acts in a manner contrary to due process.' " *In re A.S.* at ¶11, quoting *Rondy v. Rondy*, 13 Ohio

App.3d 19, 22, 468 N.E.2d 81 (1983). Here the trial court had subject matter jurisdiction over the action. *See* R.C. 2305.01. The court also had personal jurisdiction over the defendant, Allstate P&C. *See* R.C. 2307.382.

**{¶34}** And although the trial court cited to Civ.R. 60(B) in its entry vacating the prior judgment, this rule cannot be applied by a court sua sponte. "Pursuant to Civ.R. 60(B), a trial court may relieve a party from final judgment, *but only upon motion by a party.*" (Emphasis added.) *In re A.S.* at ¶10, citing *Deutsche Bank Trust Co. v. Pearlman,* 162 Ohio App.3d 164, 2005-Ohio-3545, 832 N.E.2d 1253, ¶15 (9th Dist.). Here there was no such motion made.

**{¶35}** The Parkers argue the trial court has the discretion to treat their earlier motion for reconsideration as a motion to vacate pursuant to Civ.R. 60(B) and that the trial court did as much in this case. This court has recognized that in some situations the trial court may treat a motion for reconsideration as a motion to vacate. *See, e.g., Ray v. Dickinson*, 7th Dist. No. 03-BE-29, 2004-Ohio-3632, ¶14 (noting that "this court has on occasion adhered to the idea that trial courts have been allowed some discretion to treat a motion for reconsideration as a motion to vacate under Civ.R. 60(B)" and citing to other cases). However, where it is apparent that the trial court did not treat the reconsideration as a motion to vacate, this court should not construe it as such on appeal. *See Uhrin v. City of Campbell,* 7th Dist. No. 00 C.A. 53, 2001 WL 1122235 (Sept. 20, 2001), *3.

**{¶36}** Here it is clear that the trial court did not treat the motion for reconsideration as a motion to vacate. First, the trial court had ruled on the Parkers' motion for reconsideration on July 11, 2011, five months prior to the December 20, 2011 judgment which is the subject of this appeal. There was simply no motion for reconsideration pending on December 20, 2011 when the trial court vacated its prior ruling. Second, as held above, the motion for reconsideration and the two judgment entries issued by the trial court pursuant to the motion are all legal nullities. Third, the trial court expressly stated in its judgment entry that it was acting sua sponte: "*On its own motion*, pursuant to Civ.R. 60(B), the Court reopens the issues raised in Defendant's Motion for Summary Judgment and vacates its ruling granting the same."

{¶37} And even assuming for the sake of argument that the trial court was acting in response to the Parkers' motion for reconsideration, the motion itself failed to include any analysis as to why relief was proper under Civ.R. 60(B). Instead, therein the Parkers simply rehashed the merits of the summary judgment ruling, which is beyond the scope of Civ.R. 60(B). *See Internatl. Lottery, Inc. v. Kerouac*, 102 Ohio App.3d 660, 668, 657 N.E.2d 820 (1995) (a party cannot directly attack a judgment in a Civ.R. 60(B) motion). A motion to vacate may not be used as a substitute for a timely appeal from a final judgment. *Doe v. Trumbull County Children Services Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus

## Conclusion

{¶38} Based on all of the above, Allstate P&C's assignment of error is meritorious. The trial court lacked jurisdiction to entertain the Parkers' motion to reconsider its May 12, 2011 order granting summary judgment on the Parkers' UIM claim. That order was final and appealable and the motion for reconsideration was thus a nullity. The court continued to err by later sua sponte vacating its order granting summary judgment. Accordingly, the judgment of the trial court is reversed and the May 12, 2011 order granting summary judgment on the Parkers' UIM claim is reinstated.

Waite, P.J., concurs.

Vukovich, J., concurs.