[Cite as *Khatib v. Peters*, 2015-Ohio-5144.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 102663

**MARIA KHATIB, ET AL.**

PLAINTIFFS-APPELLEES

vs.

**SHAMELL PETERS**

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-823475

**BEFORE:** Blackmon, J., E.T. Gallagher, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** December 10, 2015

**ATTORNEYS FOR APPELLANT**

David B. Henderson
Celeste M. Manway
Henderson, Schmidlin & McGarry Co.
840 Brainard Road
Highland Heights, Ohio 44143


**ATTORNEY FOR APPELLEES**

Christina Brueck
Brueck Law Firm
333 Babbitt Road
Suite 301
Euclid, Ohio 44123

PATRICIA ANN BLACKMON, J.:

{¶1}    Appellant Shamell Peters ("Peters") appeals the denial of her motion to vacate and assigns the following two errors for our review:

> I.   The trial court erred in failing to vacate the default judgment and quash service by publication in a tort action where the requirements of R.C. 2307.14 were not met, the defendant was never validly served and the judgment was void ab initio.

> II.  The trial court erred in failing to grant defendant-appellant's Civ.R. 60(B)(5) motion for relief from judgment where the requisites for relief were satisfied.

{¶2}    Having reviewed the record and relevant law, we reverse the trial court's judgment and remand for an evidentiary hearing.   The apposite facts follow.

{¶3}    On February 19, 2013, the appellees Maria Khatib and Jibril Khatib ("the Khatibs") filed a complaint against Peters alleging damages arising out of an automobile accident that occurred on December 20, 2011.   The Khatibs attempted to serve Peters the complaint at an address located on East 260th Street in Euclid, Ohio.   This was the address listed by Peters in the accident report.   The Khatibs attempted unsuccessfully to serve Peters by ordinary and certified mail at this address.   On August 21, 2013, the trial court dismissed the complaint for want of prosecution because the Khatibs had failed to obtain service on Peters.

{¶4} On March 12, 2014, the Khatibs refiled their complaint against Peters.   The Khatibs attempted to serve Peters with the complaint via certified mail at an address located on Northfield Avenue in Cleveland, Ohio.   The complaint was returned and marked "unclaimed."   They also attempted to serve Peters by ordinary mail, but it was returned.

{¶5}    Also included as a party to the refiled complaint was Peters's car insurance carrier, First Acceptance Insurance Company ("First Acceptance").   Attorney David Henderson, on behalf of First Acceptance, filed an answer and also filed a motion to dismiss or in the

alternative a motion for summary judgment. First Acceptance argued that because the Khatibs had failed to obtain a final judgment against Peters, their action against First Acceptance was premature and in contravention of Ohio law. The trial court granted First Acceptance's motion.

{¶6} On June 5, 2014, due to the inability to locate a valid address for Peters, the Khatibs' counsel filed an affidavit for service by publication. In their affidavit, the Khatibs stated the following efforts were made to locate Peters:

> Used/wrote to defendant at last known address on police report related to this case (13-CV-8016740). Inquired of her insurance company who denied knowing her address; googled her; retained Cleveland Service Agency to perform a 'skip-trace' search (which resulted in the last known address noted above).

The address referred to was the Northfield Avenue address.

{¶7} Beneath the above paragraph, the Khatibs added:

The plaintiff has exercised reasonable diligence to ascertain the residence of the defendant[s] and that residence of defendant[s] is, other than that listed in the pleadings, unknown, and cannot with reasonable diligence be ascertained; that this case is one of those mentioned in Section 2703.14 and/or 3105.06 of the Revised Code of Ohio.

{¶8} The Khatibs sent a letter to Henderson advising him of their intent to obtain service on Peters by publication.

{¶9} Proof of publication by the Daily Legal News was filed on August 21, 2014. On September 8, 2014, the Khatibs filed a "Notice of Publication" with the trial court. On September 9, 2014, the trial court concluded service upon Peters had been effected and ordered the Khatibs to file a motion for default judgment within three weeks.

{¶10} On September 26, 2014, the Khatibs filed a motion for default judgment against Peters. On October 9, 2014, the trial court conducted a default judgment hearing. Thereafter, it granted the Khatibs' motion for default judgment in part and awarded medical expenses and property damage in the amount of $10,762.32. On November 13, 2014, the trial court awarded the Khatibs an additional $5,000 for pain and suffering.

{¶11} On December 21, 2014, attorney Henderson, the same attorney that had represented First Acceptance, filed a notice of appearance on behalf of Peters and filed a "motion to vacate default judgment and quash service by publication, and alternatively, a Civ.R. 60(B) motion for relief from judgment." Henderson argued that Civ.R. 4.4 does not provide for service by publication for contract or tort claims against Ohio residents unless the defendant conceals his or her whereabouts, and Peters was not concealing her whereabouts. He also argued that he retained a private investigator after receiving the letter from the Khatibs in June 2014 advising him of their intent to obtain service by publication. Because the private investigator was able to locate Peters within one day, Henderson argued that the Khatibs failed to exercise reasonable diligence in attempting to locate Peters. Attached to his motion was an affidavit by Henderson stating the above. He also attached an affidavit by Peters in which she stated she was not concealing her location and detailed where she had been living for the past several years.

{¶12} The Khatibs opposed the motion to vacate contending that Peters did purposely conceal her whereabouts. They also argued that attorney Henderson participated in the concealment by not informing them that he had found Peters's current address. The trial court denied Peters's motion without opinion.

**Motion to Vacate**

{¶13} Peters argues that the trial court abused its discretion by failing to vacate the default judgment because the Khatibs never perfected service. She argues that the Khatibs did not engage in reasonable diligence in their attempts to locate her address and that publication by notice was not proper because there was no evidence she lived outside the state or was concealing her location.

{¶14} Trial courts have inherent authority to vacate a void judgment; thus a party who asserts a lack of jurisdiction by improper service does not need to meet the requirements of Civ.R. 60(B). *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph four of the syllabus; *Deutsche Bank Trust Co. Ams. v. Pearlman*, 162 Ohio App.3d 164, 2005-Ohio-3545, 832 N.E.2d 1253, ¶ 14 (9th Dist.). The party is only required to show that service was invalid. *Id.* A default judgment rendered by a court without obtaining service over the defendant is void, and the party is entitled to vacation of the judgment. *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 553 N.E.2d 650 (1990), syllabus. The trial court's decision regarding the validity of service should be upheld absent an abuse of discretion. *Id.*

{¶15} Peters claims that the Khatibs failed to comply with Civ.R. 4.4 concerning service by publication. Civ.R. 4.4. provides in pertinent part:

> (A) Residence unknown * * * if the residence of a defendant is unknown, service shall be made by publication in actions where such service is *authorized by law*. Before service by publication can be made, an affidavit of a party or his counsel must be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant and cannot be ascertained with reasonable diligence. (Emphasis added.)

{¶16} R.C. 2703.14 sets forth those categories of cases where service by publication is authorized by law. The instant case is based upon subsection (L), which provides that service may be made by publication:

In any action where the defendant, being a resident of this state, has departed from the county of his residence with intent to delay or defraud his creditors or to avoid the service of a summons, *or keeps himself concealed with like intent.* (Emphasis added.)

{¶17} Considering these provisions together, it is clear that two requirements must be met before service of process is considered to have been effected by publication.

{¶18} First, a party or their counsel must exercise reasonable diligence in attempting to locate a defendant. The Ohio Supreme Court interpreted what constitutes "reasonable diligence" in *Sizemore v. Smith*, 6 Ohio St.3d 330, 332, 453 N.E.2d 632 (1983), as follows:

[r]easonable diligence requires taking steps which an individual of ordinary prudence would reasonably expect to be successful in locating a defendant's address. Certainly a check of the telephone book or a call to the telephone company * * * [or checking] the city directory, a credit bureau, county records such as auto title department or board of elections, or an inquiry of former neighbors [constitute probable sources to check].

{¶19} The court recognized that what constitutes reasonable diligence will depend on the facts and circumstances of each case. *Id.* It specifically indicated that the examples provided in the opinion of what reasonable diligence is does not constitute a mandatory checklist. *Id.* Rather, those examples exemplify that reasonable diligence requires counsel to use common and readily available sources in the search of the defendant's address. *Id.*

{¶20} In the instant case, the Khatibs attempted to serve Peters by ordinary and certified mail at the address Peters provided in the police report; both were returned as undeliverable. The Khatibs also asked Peters's insurance company for her address, googled her, and hired an agency to run a skip-trace[1] in order to find her address. The only addresses that were found as a result of these searches were the original addresses supplied by Peters in the police report and the

---

[1]A skip-trace search is the process of locating a person's whereabouts by using various online databases.

Northfield Avenue address at which the Khatibs tried to obtain service on the second refiled complaint.

{¶21} Peters contends these efforts did not constitute reasonable diligence because the private investigator hired by Henderson was able to locate her address after one day of searching. There is no indication what efforts the private investigator used to successfully locate Peters. However, just because the investigator was able to locate Peters does not necessarily make the Khatibs' efforts not "reasonably diligent." According to *Sizemore*, reasonable diligence requires "taking steps which an individual of ordinary prudence would reasonably expect to be successful in locating a defendant's address." The hiring of a private investigator is an extreme step. Computer technology allows for searches never contemplated by the court at the time *Sizemore* was decided. Today, an individual of ordinary prudence would reasonably be expected to engage in a computer search to locate a defendant's address. Based on the abuse of discretion standard we are required to apply, we conclude the trial court did not abuse its discretion by concluding that the Khatibs engaged in reasonable diligence in attempting to locate Peters by hiring a company to search for Peters on the computer, looking to the police report for an address, and asking her insurance carrier for her current address.

{¶22} However, this does not end the analysis. Next, it must be determined whether Peters concealed her location to avoid service. In *Brooks v. Rollins*, 9 Ohio St.3d 8, 457 N.E.2d 1158 (1984), the court considered the relation between use of reasonable diligence and the allegation that the defendant was concealing his whereabouts. The court held that the use of reasonable diligence creates a rebuttable presumption that the defendant was concealing his or her location. The court explained as follows:

Therefore, this court concludes that "concealment" of a defendant, as that term is used in R.C. 2703.14(L), may reasonably be inferred from plaintiff's inability to locate that defendant after the exercise of "reasonable diligence," as that term is used in Civ.R. 4.4(A). This inference is sufficient to support service by publication if the defendant, when challenging the sufficiency of such service, does not present evidence contradicting the inference. *See Sizemore v. Smith*, supra, at 333. Once the inference of concealment is raised, the burden is placed on the defendant to overcome its effect either by producing herself or by producing other independent evidence. A defendant who stands pat risks a finding of concealment sufficient to satisfy the requirements of R.C. 2703.14(L) and support service of process by publication. *See Wilson v. Sinsabaugh* (1978), 61 Ohio App.2d 224 [15 O.O.3d 365]. This result does not render R.C. 2703.14(L) meaningless as a separate provision because, once defendant has come forward and overcome the inference of concealment, the plaintiff must independently prove that the statutory requirements have been satisfied.

The approach adopted today not only takes into account the practical difficulties under which the party seeking service must operate but also affords protection to the interests of both parties. Initially, the defendant's right to reasonable notice is protected because the plaintiff must prove that reasonable diligence has been exercised to locate the address of the defendant. The defendant is further protected because she has the opportunity to challenge the sufficiency of service by a motion to quash service and may bring in independent evidence to contradict the reasonable diligence of the plaintiff's search or to rebut the inference of

concealment. Such an appearance would then afford the plaintiff an opportunity to examine the defendant on his or her conduct.

*Id.* at 10-11.

{¶23} In the instant case, Peters filed a motion to quash service and attached an affidavit in which she stated she was not concealing her location and listed the various addresses she had lived for the last several years. She stated that at the time of the accident, she lived on East 260th Street in Euclid, Ohio. In February 2013, she moved to the address on Northfield Avenue in Cleveland, Ohio. Approximately one year later, she moved to Lakeshore Boulevard in Euclid, Ohio. The Khatibs had tried to serve her at the first two addresses, but obviously missed the times that she had lived there. They had never tried to serve her at her last and current address.

{¶24} The Khatibs presented nothing to rebut Peters's affidavit. Instead, they argue that Peters's attorney, attorney Henderson, concealed Peters's address. Henderson represented Peters's insurance carrier prior to summary judgment being granted in the insurance company's favor. Henderson stated in his affidavit, which was attached to the motion to vacate, that at the time that the Khatibs asked for Peters's address, he did not know it. When he received the letter in June 2014 from the Khatibs informing the insurance carrier that they were pursuing service by publication, he retained a private investigator to locate a current address for Peters. However, at this time he had no duty to inform the Khatibs that he had located Peters because he did not represent her. There is no indication that he advised Peters to conceal her address. In fact, he contends he did not communicate with Peters until after the default judgment was entered. Thus, because he did not represent Peters prior to service being obtained, he did not have a duty

to reveal her address to the Khatibs. In fact, doing so, may have violated the duty he owed to the insurance company to protect its interest.

**{¶25}** When the movant's motion to vacate contains allegations of operative facts that would warrant relief, the trial court should grant a hearing on such motion. *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974). The Khatibs claim that Peters's affidavit is merely self-serving. Although it may be self-serving, Peters's affidavit contains operative facts that would warrant relief from judgment. Without a hearing, the trial court could not determine Peters's credibility, and its denial of Peters's motion to vacate without first conducting a hearing constituted an abuse of discretion. *Money Tree Loan Co. v. Williams*, 169 Ohio App.3d 336, 2006-Ohio-5568, 862 N.E.2d 885, ¶ 16 (8th Dist.)("trial court errs in summarily overruling a defendant's motion to set aside a judgment for lack of service, when the defendant submits a sworn statement that she did not receive service of process, without affording the defendant a hearing.").[2]

**{¶26}** Peters's first assigned error is sustained. We reverse the trial court's denial of Peters's motion to vacate and remand for the trial court to conduct an evidentiary hearing.

**{¶27}** Based on our disposition of Peters's first assigned error, her second assigned error is moot and need not be addressed. *See* App.R. 12(A)(1)(c).

**{¶28}** Judgment reversed and remanded for an evidentiary hearing.

It is ordered that appellant recover from appellee her costs herein taxed.

---

[2]Appellee relies heavily on this court's decision in *E. Ohio Gas Co. v. Walker*, 59 Ohio App.2d 216, 394 N.E.2d 348 (8th Dist.1978), for the proposition that the movant must submit evidentiary materials that meet the criteria set forth in Civ.R. 56 in order for the judgment to be vacated. However, that case dealt with Civ.R. 60(B). As we stated above, a party moving to vacate for lack of service is not required to meet the requirements of Civ.R. 60(B).

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

EILEEN T. GALLAGHER, P.J., and
MELODY J. STEWART, J., CONCUR